# Illinois Official Reports

## Appellate Court

---

### *Estate of James v. Tondini*, 2014 IL App (5th) 130031

---

| | |
|---|---|
| Appellate Court Caption | ESTATE OF CHARLES R. JAMES, by James Stroud, Independent Executor, Plaintiff-Appellee, v. KEVIN TONDINI, d/b/a Tondini's Towing and Storage, Defendant-Appellant. |
| District & No. | Fifth District<br>Docket No. 5-13-0031 |
| Rule 23 order filed<br>Motion to publish<br>granted<br>Opinion filed | January 2, 2014<br><br>January 27, 2014<br>January 27, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action arising from the towing of a vehicle pursuant to the investigation of the homicide of the vehicle's owner, the trial court properly held that the towing company did not have a lien for the towing and storage of the vehicle then owned by the decedent's estate, since none of the statutory requirements of the Illinois Vehicle Code for a lien applied, including, *inter alia*, the facts that the vehicle was not abandoned, lost, stolen, or unclaimed, it was not left unattended on a toll highway, interstate highway, or expressway for 2 hours or more, and it was not left on a highway in an urban district 10 hours or more but, rather, the vehicle was towed from decedent's private property. |
| Decision Under Review | Appeal from the Circuit Court of Williamson County, No. 11-P-58; the Hon. James R. Moore, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Keith W. Kibler, of Kibler Law Office, of Marion, for appellant.

Angela E. Kochan, of Kochan & Kochan, P.C., of Herrin, for appellee.

Panel

JUSTICE WEXSTTEN delivered the judgment of the court, with opinion.
Presiding Justice Welch and Justice Chapman concurred in the judgment and opinion.

**OPINION**

¶ 1     The defendant, Kevin Tondini, doing business as Tondini's Towing and Storage, appeals the December 5, 2012, order of the circuit court of Williamson County holding that the defendant did not have a lien for towing and storage of an automobile owned by the plaintiff, the estate of Charles R. James (the Estate), pursuant to section 4-204 of the Illinois Vehicle Code (625 ILCS 5/4-204 (West 2010)). For reasons discussed herein, we affirm the decision of the circuit court.

¶ 2                                    BACKGROUND

¶ 3     This appeal centers around the defendant's towing and storage fees for a 2008 Toyota Prius (Prius or vehicle), which belonged to the decedent, Charles R. James, who died as the result of a homicide on May 24, 2011. The following day, on May 25, 2011, as part of the homicide investigation, the Williamson County sheriff's department authorized and ordered the defendant to tow the Prius from the decedent's private property and impound it. The defendant has been in business for over 33 years as Tondini Wrecker Service and does towing work for various law enforcement agencies in the Williamson County area.

¶ 4     On October 7, 2011, James Stroud, acting as independent executor of the Estate, sent a letter to the Williamson County State's Attorney, with a courtesy copy to Williamson County Sheriff Bennie Vick, requesting release of the Prius. The Williamson County sheriff's department released its hold on the Prius on April 22, 2012. The defendant's total bill for towing and storage amounted to $10,818. The defendant states that the bill was submitted but never paid. On May 21, 2012, the defendant filed a claim against the Estate for the amount of $10,818, to which Stroud, as independent executor, filed an objection as well as a notice of disallowance of claim and motion to dismiss, on June 11, 2012.

¶ 5     On August 20, 2012, the Williamson County sheriff's department sent a notice to the Bank of Carbondale (Bank), a registered lienholder on the Prius, informing the Bank that the Prius was to be auctioned at a public sale on September 21, 2012. The Estate claims it never received

any notice of sale. Regardless of lack of official notice, on September 21, 2012, the Estate moved to enjoin the sale. The circuit court granted said motion, entering its order that same day.

¶ 6    The Estate also filed an amended petition to discover and for recovery, seeking to recover the Prius from the defendant. The circuit court conducted a hearing on the amended petition on October 2, 2012. In a docket entry ruling on November 8, 2012, the circuit court found that despite the fact that the defendant had towed and stored the Prius per an authorized police tow request, the defendant did not have a statutory lien on the Prius for towing and storage fees, pursuant to section 4-204 of the Illinois Vehicle Code (625 ILCS 5/4-204 (West 2010)). A final written order to this effect was entered by the circuit court on December 6, 2012. The final order also directed the defendant to turn over the Prius to the Estate immediately, subject only to the lien held by the Bank.

¶ 7    The defendant filed a motion to alter and/or amend judgment, which was denied by the circuit court on December 28, 2012. The defendant filed a timely notice of appeal on January 11, 2013, challenging the circuit court's determination that a lien was not established on the Prius. For the following reasons, we affirm the circuit court's ruling.

¶ 8                                    ANALYSIS

¶ 9    The issue on appeal is whether the trial court erred in finding that a lien on the decedent's Prius was not created pursuant to section 4-204 of the Illinois Vehicle Code (625 ILCS 5/4-204 (West 2010)) for the amount of $10,818, representing the defendant's fees for towing and storage of the vehicle. When an issue on appeal involves the construction and application of a statute, we apply a *de novo* review. *Blum v. Koster*, 235 Ill. 2d 21, 44 (2009).

¶ 10   Section 4-204 of the Illinois Vehicle Code reads as follows:

"When a vehicle is authorized to be towed away as provided in Section 4-202 or 4-203:

(a) The authorization, any hold order, and any release shall be in writing, or confirmed in writing, with a copy given to the towing service.

(b) The police headquarters or office of the law officer authorizing the towing shall keep and maintain a record of the vehicle towed, listing the color, year of manufacture, manufacturer's trade name, manufacturer's series name, body style. Vehicle Identification Number, license plate year and number and registration sticker year and number displayed on the vehicle. The record shall also include the date and hour of tow, location towed from, location towed to, reason for towing and the name of the officer authorizing the tow.

(c) The owner, operator, or other legally entitled person shall be responsible to the towing service for payment of applicable removal, towing, storage, and processing charges and collection costs associated with a vehicle towed or held under order or authorization of a law enforcement agency. If a vehicle towed or held under order or authorization of a law enforcement agency is seized by the ordering or authorizing agency or any other law enforcement or governmental agency and sold, any unpaid

- 3 -

removal, towing, storage, and processing charges and collection costs shall be paid to the towing service from the proceeds of the sale. If applicable law provides that the proceeds are to be paid into the treasury of the appropriate civil jurisdiction, then any unpaid removal, towing, storage, and processing charges and collection costs shall be paid to the towing service from the treasury of the civil jurisdiction. That payment shall not, however, exceed the amount of proceeds from the sale, with the balance to be paid by the owner, operator, or other legally entitled person.

(d) Upon delivery of a written release order to the towing service, a vehicle subject to a hold order shall be released to the owner, operator, or other legally entitled person upon proof of ownership or other entitlement and upon payment of applicable removal, towing, storage, and processing charges and collection costs." 625 ILCS 5/4-204 (West 2010).

¶ 11 In his appellant's brief, the defendant asserts that paragraph (d) of section 4-204 (625 ILCS 5/4-204(d) (West 2010)) "clearly states that the vehicle towed pursuant to a police tow does not have to be released to the owner, operator, or legally entitled person unless payment of towing and storage and processing charges and collection costs are paid." However, the crux of interpreting the applicability of section 4-204(d) to the instant case, as recognized by the circuit court, lies within the first sentence of the section, which we find applicable to all the paragraphs, including paragraph (d): "When a vehicle is authorized to be towed away *as provided in Section 4-202 or 4-203 \*\*\**." (Emphasis added.) 625 ILCS 5/4-204 (West 2010). Therefore, we turn to each of these referenced sections.

¶ 12 Section 4-202 of the Illinois Vehicle Code reads as follows:

"When an abandoned, lost, stolen or unclaimed vehicle comes into the temporary possession or custody of a person in this State, not the owner of the vehicle, such person shall immediately notify the municipal police when the vehicle is within the corporate limits of any city, village or town having a duly authorized police department, or the State Police or the county sheriff when the vehicle is outside the corporate limits of a city, village or town. Upon receipt of such notification, the municipal police, State Police or county sheriff will authorize a towing service to remove and take possession of the abandoned, lost, stolen or unclaimed vehicle. The towing service will safely keep the towed vehicle and its contents, maintain a record of the tow as set forth in Section 4-204 for law enforcement agencies, until the vehicle is claimed by the owner or any other person legally entitled to possession thereof or until it is disposed of as provided in this Chapter." 625 ILCS 5/4-202 (West 2010).

¶ 13 Examining the language of section 4-202, it is clear that the section only applies if the vehicle being towed was "abandoned, lost, stolen or unclaimed." 625 ILCS 5/4-202 (West 2010). There is no dispute between the parties that the decedent's Prius was not abandoned, lost, stolen, or unclaimed at the time the police authorized the defendant to tow it to his storage lot. As such, section 4-202 (625 ILCS 5/4-202 (West 2010)) does not allow a lien to attach to the Prius pursuant to section 4-204 of the Illinois Vehicle Code (625 ILCS 5/4-204 (West 2010)).

¶ 14 Section 4-203 of the Illinois Vehicle Code reads, in pertinent part, as follows:

"(a) When a vehicle is abandoned, or left unattended, on a toll highway, interstate highway, or expressway for 2 hours or more, its removal by a towing service may be authorized by a law enforcement agency having jurisdiction.

(b) When a vehicle is abandoned on a highway in an urban district 10 hours or more, its removal by a towing service may be authorized by a law enforcement agency having jurisdiction.

(c) When a vehicle is abandoned or left unattended on a highway other than a toll highway, interstate highway, or expressway, outside of an urban district for 24 hours or more, its removal by a towing service may be authorized by a law enforcement agency having jurisdiction.

(d) When an abandoned, unattended, wrecked, burned or partially dismantled vehicle is creating a traffic hazard because of its position in relation to the highway or its physical appearance is causing the impeding of traffic, its immediate removal from the highway or private property adjacent to the highway by a towing service may be authorized by a law enforcement agency having jurisdiction.

(e) Whenever a peace officer reasonably believes that a person under arrest for a violation of Section 11-501 of this Code or a similar provision of a local ordinance is likely, upon release, to commit a subsequent violation of Section 11-501, or a similar provision of a local ordinance, the arresting officer shall have the vehicle which the person was operating at the time of the arrest impounded for a period of not more than 12 hours after the time of arrest. ***

* * *

(f) Except as provided in Chapter 18a of this Code, the owner or lessor of privately owned real property within this State, or any person authorized by such owner or lessor, or any law enforcement agency in the case of publicly owned real property may cause any motor vehicle abandoned or left unattended upon such property without permission to be removed by a towing service without liability for the costs of removal, transportation or storage or damage caused by such removal, transportation or storage. ***

* * *

(g)(1) When a vehicle is determined to be a hazardous dilapidated motor vehicle pursuant to Section 11-40-3.1 of the Illinois Municipal Code, its removal and impoundment by a towing service may be authorized by a law enforcement agency with appropriate jurisdiction.

* * *

(h) Whenever a peace officer issues a citation to a driver for a violation of subsection (a) of Section 11-506 of this Code, the arresting officer may have the vehicle which the person was operating at the time of the arrest impounded for a period of 5 days after the time of arrest." 625 ILCS 5/4-203 (West 2010).

¶ 15    We also find that nothing in section 4-203 pertains to the facts of this case in order to allow a lien to attach to the Prius via section 4-204. First, there is no disagreement that the Prius was

not "abandoned, or left unattended, on a toll highway, interstate highway, or expressway," as set forth in paragraph (a) at the time law enforcement sought the defendant's towing service. 625 ILCS 5/4-203(a) (West 2010). There also appears to be no disagreement between the parties that the Prius was not "abandoned on a highway," as required by paragraphs (b) and (c) (625 ILCS 5/4-203(b), (c) (West 2010)), nor was the Prius "creating a traffic hazard because of its position in relation to the highway," as required by paragraph (d) (625 ILCS 5/4-203(d) (West 2010)). Paragraph (e) (625 ILCS 5/4-203(e) (West 2010)) is also not applicable because no one in this case was arrested for driving while intoxicated (625 ILCS 5/11-501 (West 2010)) at the time of operating the Prius.

¶ 16    Paragraph (f) of section 4-203 states, "the owner or lessor of privately owned real property within this State, or any person authorized by such owner or lessor, or any law enforcement agency in the case of publicly owned real property may cause any motor vehicle abandoned or left unattended upon such property without permission to be removed by a towing service." 625 ILCS 5/4-203(f) (West 2010). Similarly, we find this paragraph does not apply because the owner of the real property upon which the Prius was located prior to its being towed was either the decedent or his Estate and neither authorized the defendant to tow it. It also does not apply because the Prius was not located on "publicly owned real property," in order to allow law enforcement to have the vehicle towed. Moreover, we find the Prius was not "abandoned or left unattended upon such property without permission" for paragraph (f) to apply. 625 ILCS 5/4-203(f) (West 2010). Therefore, even if the defendant were to argue that the law enforcement official who authorized him to tow the Prius could be considered "any person authorized by such owner or lessor," as stated in paragraph (f), the point would be moot because the Prius was not abandoned or left unattended on the decedent's own property without his permission or the permission of his Estate.

¶ 17    Also inapplicable to this case are paragraphs (g) and (h) of section 4-203 because there is no dispute that the Prius was not "determined to be a hazardous dilapidated motor vehicle" (625 ILCS 5/4-203(g)(1) (West 2010)), nor did a citation issue to the driver of the Prius as it had no driver nor was it being operated immediately prior to its towing (625 ILCS 5/4-203(h) (West 2010)).

¶ 18    Accordingly, because we find that, pursuant to our *de novo* review, section 4-204 (625 ILCS 5/4-204 (West 2010)) does not apply to allow a lien to attach to the Prius for the defendant's towing and storage fees, we hereby affirm the decision of the circuit court.

¶ 19                                CONCLUSION
¶ 20    For the foregoing reasons, the judgment of the circuit court of Williamson County is affirmed.

¶ 21    Affirmed.